39 A.3d 196

IN THE MATTER OF TERRY L. SHAPIRO, AN ATTORNEY
AT LAW (ATTORNEY NO. 004371974).

March 22, 2012.

## ORDER

The Disciplinary Review Board having filed with the Court its decision in DRB 11–226, concluding that **TERRY L. SHAPIRO** of **NEWARK**, who was admitted to the bar of this State in 1974, should be suspended from the practice of law for a period of three years for violating *RPC* 1.5(a) (charging an unreasonable fee), *RPC* 1.5(c) (charging an excessive contingency fee in a personal injury matter), *RPC* 1.5(e) (dividing a fee between lawyers not in the same firm when the division exceeded the fees allowable under *Rule* 1:21–7), *RPC* 1.15(a) (failure to safeguard client trust funds and negligent misappropriation of client funds), *RPC* 1.15(b) (failure to promptly deliver to a client or third person funds or other property they are entitled to receive), *RPC* 1.15(d) and *Rule* 1:21–6 (recordkeeping violations);

And the Disciplinary Review Board having further concluded that there should be conditions on respondent's reinstatement to practice and on his practice of law following reinstatement;

And good cause appearing;

It is ORDERED that **TERRY L. SHAPIRO** is suspended from the practice of law for a period of three years and until the further Order of the Court; and it is further

ORDERED that in consideration of respondent's medical condition and the requirements of *Rule* 1:20–20, the effective date of the suspension shall be June 4, 2012; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to *Rule* 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of *Rule* 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of *RPC* 8.1(b) and *RPC* 8.4(c); and (3) provide a basis for an action for contempt pursuant to *Rule* 1:10–2; and it is further

ORDERED that prior to reinstatement to practice, respondent shall submit proof of his fitness to practice law as attested to by a mental health professional approved by the Office of Attorney Ethics and shall consult with the Committee on Professionalism of his local bar association for guidance on developing and maintaining courtesy and civility in his dealings with others; and it is further

ORDERED that following reinstatement, respondent shall submit to the Office of Attorney Ethics on a quarterly basis monthly reconciliations of his attorney accounts prepared by a certified public account approved by the Office of Attorney Ethics, which reconciliations shall be submitted for a period of two years and until the further Order of the Court; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in *Rule* 1:20–17.